UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR LOURDES LENIX, | ) | 1:09-cv-01683-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY OF PROCEEDINGS |
| | ) | ON PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS (Doc. 9) |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| DOMINGO URIBE, JR., Warden, | ) | TO ADMINISTRATIVELY CLOSE CASE |
| | ) | |
| Respondent. | ) | ORDER DIRECTING PETITIONER TO FILE |
| | ) | REGULAR STATUS REPORTS |
| | | |
| | | ORDER DIRECTING PETITIONER TO |
| | | NOTIFY COURT WITHIN THIRTY DAYS |
| | | OF ANY FINAL ORDER REGARDING |
| | | EXHAUSTION OF GROUND 8 |
| | | |
| | | ORDER VACATING BRIEFING SCHEDULE |
| | | SET FORTH IN ORDER OF MARCH 18, |
| | | 2010 (Doc. 6) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner originally filed his federal petition on September 23, 2009. (Doc. 1). In the instant petition, Petitioner, challenging his 2005 conviction for first degree murder in the Kern County Superior Court and resulting sentence of life plus 77 years, raises nine grounds for relief: (1) violation of Sixth Amendment confrontation clause in admitting hearsay; (2) due process violation

in curtailing cross-examination by defense counsel; (3) prosecutorial misconduct; (4) failure to submit aggravating and mitigating circumstances to jury for finding beyond a reasonable doubt; (5) violation of due process in allowing joint trial of status and non-status offenses; (6) due process violation for unnecessarily suggestive identification procedures; (7) <u>Batson</u> violation in jury selection; (8) ineffective assistance of trial counsel in failing to impeach witness; and (9) that the conspiracy conviction was not supported by substantial evidence . (Doc. 1).

In the petition, Petitioner originally indicated that grounds 1, 2, 3, 4, 5, 8 and 9 were not exhausted but that, with the exception of ground 8, all of those claims had been raised in a habeas petition then pending before the California Supreme Court. (Doc. 1, p. 87). Petitioner also alleged that ground 8 was presently pending before the California Court of Appeal, Fifth Appellate District ("5th DCA"). (<u>Id</u>.). Accordingly, Petitioner asked the Court to dismiss the unexhausted claims, then stay further action to permit Petitioner to fully exhaust those claims.

On March 18, 2010, the Court ordered Respondent to file a response to the claims contained in the original petition. (Doc. 6). Shortly thereafter, on April 1, 2010, Petitioner filed the instant motion for a stay of proceedings. (Doc. 9). In that motion, Petitioner updated the allegations in the petition by indicating that the California Supreme Court had denied his habeas petition on February 24, 2010, thus exhausting grounds 1, 2, 3, 4, 5, and 9. However, Plaintiff indicated that ground 8, the claim of ineffective assistance of counsel, was still pending before the 5th DCA.

The Court has accessed the California court system's electronic database, which indicates that the California Supreme Court did deny Petitioner's habeas corpus petition on February 24, 2010. It also indicates that Petitioner filed a petition for writ of habeas corpus in the 5th DCA alleging ineffective assistance of counsel on October 15, 2008, in case number F056270, and that the petition is still pending.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-988 (9th Cir. 1998); <u>Greenawalt v. Stewar7</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that <u>Taylor</u> in no way granted "district courts carte

blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). That changed with the United States Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 276-277. In so holding, the Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

In a ruling subsequent to Rhines, the Ninth Circuit reaffirmed the vitality of *both* the Rhines two-step stay procedure as well as the Kelly three-step stay procedure:

> Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure outlined in Kelly allows the stay of fully exhausted petitions,

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

requiring that the unexhausted claims be dismissed.

King v. Ryan, 564 F.3d 1133, 1139-1140 (9th Cir. 2009).

There are, however, significant distinctions between the two procedures. First, claims exhausted during a Rhines stay are not subject to timeliness challenges since the mixed petition remains pending throughout the stay procedure. Id. at p. 1140. In contrast, any claim exhausted during a Kelly stay must "relate back" to the claims in the original petition under the doctrine set forth in Mayle v. Feliz, 545 U.S. 644 (2005), or else be timely filed under the AEDPA's one-year statute of limitation. Id. Additionally, petitioners seeking to avail themselves of a Rhines stay must make the additional showing of good cause, something not required under Kelly. Id. at 1143.

Here, it appears that Petitioner sought, in his petition, to invoke the Kelly procedure since he requested dismissal of the unexhausted claims, a stay of proceedings, and permission to add the additional claims once they were exhausted, i.e., the classic three-step approach authorized by Kelly. (Doc. 1, p. 90). However, the circumstances of the claims in the petition have changed significantly since the filing of that petition. Now, it appears to the Court that eight of the nine claims in the petition have been exhausted and that only ground 8 remains unexhausted, while it is pending in the 5th DCA. Accordingly, the petition is presently a mixed petition containing both exhausted and unexhausted claims. That appears to be precisely the scenario that the Rhines procedure was designed to cover:

> "Rhines applies to stays of *mixed* petitions, whereas the [Kelly] three-step procedure applies to stays of *fully exhausted* petitions...."

King, 564 F. 3d at 1140, quoting Jackson v. Roe, 425 F. 3d 654, 661 (9th Cir. 2005). (Emphasis in original).

Under Rhines, the Court must first determine whether good cause exists for Petitioner's failure to exhaust and whether there is any indication that Petitioner engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-278. The Court has accessed the California courts' electronic database regarding Petitioner's direct appeal and various state habeas petitions. The dockets for those various cases, numbers F048115, F051964, F056270, S148029, S160293, and S176078, reveal that both Petitioner's direct appeal as well as his history of state collateral review

has been unusually complex, involving appellate hearings, oral argument, settled records, augmented records, and supplemental briefing, a petition for writ of certiorari that was filed in the United States Supreme Court, and even an order from the 5th DCA unsealing a document and ordering it filed as a habeas corpus petition on behalf of Petitioner.

While the full history of these proceedings cannot be adequately comprehended solely from the terse docket entries on the state courts' electronic database, what is clear is that those proceedings have been exhaustively litigated by the various parties and that the issues raised therein are neither simple nor easily resolved.  Accordingly, the Court can only conclude at this juncture that good cause exists for Petitioner's failure to exhaust ground 8 and that there is no indication that Petitioner has engaged in "abusive litigation tactics or intentional delay."  Therefore, neither of these criteria represent obstacles for granting a stay under Rhines.

Further, in order to grant a Rhines stay, the Court must also make a finding that the claim or claims a petitioner is seeking to exhaust are not "plainly meritless."  Rhines, 544 U.S. at 277-278. Here, Petitioner indicates that ground 8 contends that "[t]rial counsel was ineffective for failing to impeach witness Curtis Rufus with impeachment material (Mr. Fast shooting) in which Rufus gave his gun to a known gangmember, lied to police and was unable to identify [the] person he gave [the] gun [to]."  (Doc. 1, p. 76).  The Court expresses no opinion regarding the likelihood that such a claim for ineffective assistance of counsel would ultimately entitled Petitioner to relief in these proceedings.  However, based on Petitioner's allegations, the Court cannot find that ground 8 is, at this juncture, "plainly meritless."

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance.  See Taylor, 134 F.3d at 988 n. 11.  No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[2]  Further, Petitioner must proceed diligently to

---

[2] The filing should be entitled "Status Report."

pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to notify the Court that he has fully exhausted ground 8. At that point, the Court will issue a new briefing schedule regarding the claims in the instant petition. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 9), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies regarding ground 8;

3. Petitioner is DIRECTED **to file a status report within thirty (30) days** of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report *every sixty (60) days* after the filing of the initial status report; and

5. Petitioner is DIRECTED to notify the Court within thirty days of any final order of the state courts regarding ground 8;

6. The briefing schedule set forth in the Court's order dated March 18, 2010, is VACATED; and,

7. The Clerk of the Court is DIRECTED to ADMINISTRATIVELY CLOSE the case. The Court will direct the Clerk of the Court to reopen the case when and if the stay is lifted.

IT IS SO ORDERED.

Dated:   **April 29, 2010**                                        /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE